**PLANTERS' OIL MILL & GIN CO. v. A. K. BURROW CO., Inc.**

(District Court, E. D. Mississippi, N. D. October 13, 1924.)

No. 124.

Courts ⊙⇒351—Plaintiff may not, in advance of trial, require defendant to submit books, documents, and records for examination (Comp. St. 1469; equity rule 58).

Under Rev. St. § 724 (Comp. St. § 1469), and equity rule 58, plaintiff, in action at law, may not require defendant, in advance of trial, to submit for examination books, documents, and records, since purpose of provision is to provide substitute for bill of discovery, and, while application for order may be made on notice before trial, final decision on production

of documents should not be made until during trial.

At Law. Action by the Planters' Oil Mill & Gin Company against the A. K. Burrow Company, Inc. On motion by plaintiff to require defendant to produce certain papers and documents for inspection of plaintiff. Motion overruled in part, and sustained in part.

See, also, 10 F.(2d) 312.

Leftwich & Tubb, of Aberdeen, Miss., and J. G. Smythe, of Kosciusko, Miss., for plaintiff.

Watkins, Watkins, & Eager, of Jackson, Miss., for defendant.

HOLMES, District Judge. This is an action at law in which the plaintiff has made a motion to require the defendant to submit to it for examination, in advance of the trial, certain alleged books, documents, and records.

The plaintiff relies on section 724 of the Revised Statutes (Comp. St. § 1469), and equity rule 58. The former provides that:

"In the trial of actions at law, the courts of the United States may, on motion and due notice thereof require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery."

The latter (equity rule 58), so far as applicable here, gives power to the court or judge, "to effect the inspection or production of documents in the possession of either party."

The said section (724) was fully analyzed and construed in the case of Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842. In that case, which was an action at law, the plaintiff filed a motion to require the defendant to submit for the plaintiff's inspection in advance of the trial certain books and records. Upon defendant's refusal to comply with an order to that effect, judgment was entered against him. The case was carried to the Supreme Court by writ of certiorari, and the court held that the words, "in the trial," as used in the statute, implied a restricted use of the procedure as compared to a bill of discovery, and that the opposing litigant could only procure the inspection in question at or during the trial; the word "trial" embracing only what is commonly understood when we speak of the trial of an action at law.

Counsel for the plaintiff concede that the question was decided adversely to their contention in Carpenter v. Winn, supra, but maintain that, since that decision, the promulgation of equity rule 58 supplies the lacking remedy, and that now section 724 is applicable whenever under equitable proceedings such an inspection could be required.

The argument is that rule 58, read in the light of old rules 42, 43, and 44, was adopted the next year after Carpenter v. Winn was decided, and materially modified the practice therein elaborated.

Notwithstanding equity rule 58, I am of the opinion that the case of Carpenter v. Winn is still decisive of this motion. The new equity rule (58) is not applicable to enlarge the court's powers at law under section 724 of the Revised Statutes so as to compel the production of documents in advance of the trial. In the foregoing statute Congress was intending to provide the circumstances under which the remedy therein given might be availed of by litigants. The words, "in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery," are words of limitation as used in section 724 of Revised Statutes.

The statute can be availed of only "in the trial of actions at law," whenever facts are presented which would justify an inspection by the ordinary rules of proceeding in chancery.

The other three limitations in that section on the power of the court at law to require the parties to produce books or writings in their possession are that there must be due notice of the motion, the documents must contain evidence pertinent to the issue, and the order must be to produce on, at, or during the trial.

The purpose of the provision is to provide a substitute for a bill of discovery in aid of a legal action, and, while the application for such an order may be made on notice before trial, the court ought not to decide finally on the production of the documents, or the materiality of the evidence, until during the trial.

The proper practice is to order the defendant to come prepared to produce said writings at the trial, in the event it fails to show cause for not doing so.

No absolute ruling should be made by the court in advance of the trial, except for the defendant to come prepared to comply with such absolute order as the court may make on the subject at or during the trial.

The motion is overruled in so far as it seeks to require the defendant to produce said writings before the trial, but sustained to the extent that it seeks to require the production thereof in the trial; the right of the defendant to show cause upon the trial of failure to produce being reserved.

"In the trial," as used in the order here entered, means at such time after the trial begins as the court shall determine to be proper for the production of said documents.

Order entered in accordance with this opinion.